UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER and
MALIKAH STEVENSON,

        Plaintiffs,

Case No. 1:19-cv-311

Hon. Robert J. Jonker

v.

HOLTON HOTEL,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiffs Alonzo Shaffer and Malikah Stevenson. For the reasons set forth below, this complaint should be dismissed.

**I.    Discussion**

**A.    Complaint**

Plaintiffs have filed a one-paragraph complaint against a Hilton Hotel in Atlanta, Georgia. The cursory complaint involves an undated incident, in which an unidentified elderly woman was "being pumble [sic] by Hilton hotel escalator." Compl. (ECF No. 1, PageID.3). Plaintiff Shaffer tried to stop the escalator but could not because the emergency stop button was under a shield. *Id*. Shaffer injured his hand trying to stop it. *Id*. In the complaint, plaintiffs advise the Hilton Hotel that "You are being sued for the amount of USD 200,000.00." *Id*. at PageID.4 (emphasis omitted).[1]

---

[1] This is one of three lawsuits filed by plaintiffs on April 23, 2019. *See Alonzo Shaffer and Malikah Stevenson v. Hertz Rental*, 1:19-cv-312, and, *Alonzo Shaffer and Malikah Stevenson v. Sandy Woods and State Farm Insurance Agency*, 1:19-cv-313.

### B.  Lack of jurisdiction

The Court should dismiss this complaint for lack of subject matter jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Plaintiffs' complaint is attenuated and devoid of merit. Plaintiffs' cursory complaint: did not allege the date of the incident; did not allege any facts related to plaintiff Stevenson; did not allege the existence of a federal question to establish jurisdiction under 28 U.S.C. §1331; and did not allege the existence of diversity jurisdiction under 28 U.S.C. §1332. Accordingly, this action should be dismissed for lack of jurisdiction. *See Apple*, 183 F.3d at 479; Fed. R. Civ. P. 12(b)(1).

### C.  Failure to state a claim

Furthermore, the complaint does not state a claim against defendant. The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Plaintiffs' complaint does not allege the violation of any federal law, federal constitutional right, or state law. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)

## II.     RECOMMENDATION

For these reasons, I respectfully recommend that plaintiffs' complaint be **DISMISSED**.

Dated:  April 30, 2019                    /s/ Ray Kent
                                          RAY KENT
                                          U.S. Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).