UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER and
MALIKAH STEVENSON,

    Plaintiffs,

v.

HILTON HOTEL,

    Defendant.
_____/

CASE No. 1:19-CV-311

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 7) and Plaintiffs' Objection to it. (ECF No. 8). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiffs' Objection. As the Magistrate

Judge detailed, Plaintiffs filed a single paragraph complaint against Defendant Hilton Hotel for events occurring in Atlanta, Georgia. The Magistrate Judge determined that Plaintiffs' complaint should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim. After its review, the Court finds that Magistrate Judge Kent's Report and Recommendation is factually sound and legally correct, and that dismissal is warranted.

Plaintiffs' Objection attempts to cure the jurisdictional defect in their Complaint by invoking this Court's diversity and federal question jurisdiction. They have established neither. As to diversity, construed liberally, Plaintiffs suggest that diversity of citizenship exists because the alleged events in this case occurred in the State of Georgia, and both Plaintiffs are residents of Michigan. (ECF No. 8, PageID.23). Diversity is established, however, by establishing that the civil case is between citizens of different states, and not by alleging that the events underlying the lawsuit occurred in a different state. *See* 28 U.S.C. § 1332. Moreover, it is well established that residency (which is what Plaintiffs allege) and citizenship are separate concepts, and it is citizenship—not residency—that controls for purposes of diversity. *See Kaiser v. Loomis*, 391 F.2d 1007 (6th Cir. 1968); *Ford Motor Company v. Collins*, 2011 WL 5877216 (E.D. Mich. Nov. 23, 2011) (applying *Kaiser* to dismiss a case premised on diversity jurisdiction where the complaint established only residency, not citizenship). Accordingly, the Court agrees with the Magistrate Judge that diversity jurisdiction is lacking here, and Plaintiffs' Objection fails to demonstrate otherwise.

The Court also agrees with the Magistrate Judge that Plaintiffs fail to demonstrate a federal question for purposes of federal question jurisdiction under 28 U.S.C. § 1331. In their Objection, Plaintiffs aver Defendant Hilton Hotel violated their First and Fourth Amendment rights. (ECF No. 8, PageID.23). To the extent that Plaintiffs are attempting to raise a federal

question under 42 U.S.C. § 1983 against Hilton Hotel, Plaintiffs have not done so. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal constitution or laws and must show that the deprivation was committed by a person acting under color of state law." *Hundley v. Burdick's Bar & Grill*, No. 1:09-cv-868, 2009 WL 3429099, at *2 (W.D. Mich. Oct. 3, 2009) (citing *West v. Atkins,* 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009)). Plaintiffs do not allege that Defendant Hilton Hotel was acting under color of state law. To the contrary, Defendant is clearly a private actor. Plaintiffs claims accordingly fail, and federal question jurisdiction is lacking.[1]

Finally the Court agrees with the Magistrate Judge that, more generally, Plaintiffs fail to state a *Twombly* plausible claim and that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Even under the most liberal of readings, Plaintiffs' pro se allegations merely allege they watched a third-party get hurt on an escalator, and Plaintiff Shaffer hurt his hand

---

[1] Apart from subject-matter jurisdiction, the Court is also satisfied that venue does not properly lie in this district. *See* 28 U.S.C. § 1391(b). Under that statute venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiffs have not established that Defendant resides in the Western District of Michigan, and by their own admissions the events of this case occurred in Georgia, not in the Western District of Michigan, therefore a substantial part of the events or omissions giving rise to the claim did not occur within this district. Finally, there is another judicial district in which this action may otherwise have been brought where venue would have been proper: the judicial district where the alleged events occurred.

trying to push the emergency stop button. Those allegations fail to allege the violation of any federal law, constitutional right, or state law and so fail to state a claim.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 7) is approved and adopted as the Opinion of the Court.

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

This case is **DISMISSED.**


Date:  May 14, 2019                /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE